UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASKARAN SINGH (A-245-308-053),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br><br>Respondents. | No. 1:26-cv-0332 WBS CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jaskaran Singh (A-245-308-053), a native and citizen of India, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on October 1, 2023, was initially detained by Department of Homeland Security ("DHS") and released on October 2, 2023 on his own recognizance pursuant to 8 U.S.C. § 1226. On November 16, 2025, petitioner was re-detained when he reported for his regularly scheduled appointment with U.S. Immigration and Customs Enforcement ("ICE") and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[2]

Petitioner is a native and citizen of India.  (ECF No. 1 at 4; ECF No. 2 at 2.)  On October 1, 2023, petitioner entered the United States and was detained by DHS.  (ECF No. 1 at 1.)  On October 2, 2023, petitioner was released on his own recognizance by an order expressly pursuant to 8 U.S.C. § 1226 (Section 236 of the Immigration and Nationality Act ("INA")).  (Id. at 1, 5; ECF No. 1-4 at 2.)  Petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3]  (ECF No. 1 at 5; ECF No. 1-2 at 2.)  In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (ECF No. 1-2 at 2.)  Thereafter, petitioner filed an application for asylum with the immigration court.  (ECF No. 1 at 2, 5.)  Petitioner complied with all terms of his release and also worked.  (Id. at 2, 5.)  Petitioner has no criminal history and has not violated any conditions of his release, which respondents do not dispute.  (ECF No. 1 at 2, 5; see ECF No. 11.)

On November 16, 2025, petitioner reported for his regularly scheduled appointment with ICE, was re-detained, and has been in continuous detention since this date.  (ECF No. 1 at 2, 5.)  Petitioner was detained without any warning or any individualized custody determination.  (ECF No. 2 at 2.)  Petitioner has been in continuous detention since November 16, 2025.  (See id.; ECF No. 1.)  Respondents do not contest petitioner's factual allegations.  (See ECF No. 11.)

## II.    PROCEDURAL BACKGROUND

On January 16, 2026, petitioner filed his petition for writ of habeas corpus and motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 21, 2026 a hearing was held on petitioner's motion for a temporary restraining order, which the parties agreed to convert to a motion for preliminary injunction.  (See ECF No. 8; ECF No. 9 at 2.)  On February 3, 2026, the

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 12.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF No. 11.)

[3]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

district judge denied the motion, and referred the matter to the assigned magistrate judge. (ECF No. 9.)  This Court set a schedule for merits briefing. (ECF No. 10.)  On February 12, 2026, respondents timely filed an answer; petitioner did not file a reply. (ECF No. 11; see Docket.)  On June 22, 2026, petitioner filed a request for an update on his habeas petition. (ECF No. 12.)  Briefing is complete.

### III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his re-detention based on the following claims alleging violation of (1) the Fifth Amendment substantive due process clause; (2) the Fifth Amendment procedural due process clause; and (3) the INA. (ECF No. 1 at 9-11.)  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing. (ECF No. 11 at 1-2.)  Respondents cite Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), D.M.R.D., v. Andrews, et al., No. 1:26-CV-0081-WBS-CSK, 2026 WL 353405, at *4 (E.D. Cal.

Feb. 9, 2026), and other district court cases in support of their position that § 1225(b)(2)(A) is applicable here. (Id. at 1-2.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id.)

Generally, "decisions at the preliminary injunction phase do not constitute law of the case" because "a preliminary injunction decision is just that: preliminary." Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)). "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). "Law of the case directs a court's discretion, it does not limit the tribunal's power." Id.

Here, in denying petitioner's motion for a preliminary injunction, the district court concluded that petitioner is an "applicant for admission" in 8 U.S.C. § 1225 because petitioner is an alien who is present in the United States and who has not been admitted where his entry was not lawful. 2/3/2026 Order at 8 (citing Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025); 8 U.S.C. § 1225(a)(1)). The district court explained, "'the procedure authorized by Congress' in 8 U.S.C. § 1225(b)(1)(B)(ii) constitutes procedural 'due process' as far as petitioner is concerned." Id. at 10 (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953)). As to petitioner's substantive due process claim, the district court found that the circumstances of petitioner's detention were not in the same category of conduct that the Supreme Court previously identified as conscience shocking. Id. at 11-12. The district court denied petitioner's motion, holding that "petitioner has failed to demonstrate a likelihood of success on the merits of his procedural and substantive due process claims." Id. at 12. Other district courts and circuit courts agree with the district court as to the applicability of § 1225, though this is the minority approach. See, e.g., Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).

In contrast, in other similar cases, this Court has previously and consistently found that re-detention of a noncitizen previously released by immigration authorities and present in the United

4

States without a pre-deprivation hearing violates the noncitizen's due process rights and violates the INA.  See, e.g., Mansare v. Wofford, 1:26-cv-0433 DJC CSK, 2026 WL 764765 (E.D. Cal. Mar. 18, 2026), findings and recommendations adopted, 2026 WL 828502 (E.D. Cal. Mar. 25, 2026); Tang v. Noem, 1:26-cv-01333 TLN CSK, 2026 WL 670353 (E.D. Cal. Mar. 10, 2026), findings and recommendations adopted, 2026 WL 766499 (E.D. Cal. Mar. 18, 2026).  This Court follows the majority of federal courts.  See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025).  This Court recognizes that the issues presented in this habeas petition and thousands of other similar petitions in this district and across the country are complex, and have resulted in a circuit split.  At this time, there is no binding authority on district courts in the Ninth Circuit where neither the Ninth Circuit nor the Supreme Court have decided the issues.

It is unclear to this Court whether law of the case applies here, and respondents note that the Court is not bound by the district court's prior decision on petitioner's motion.  (See ECF No. 11 at 2.)  To the extent law of the case does apply, the district court's prior conclusions would result in denial of the habeas petition.  Assuming law of the case does not apply, for the reasons stated in Mansare v. Wofford, Tang v. Noem, and other similar cases, this Court respectfully disagrees.  This Court recommends granting the habeas petition on the procedural due process claim (claim two) and statutory claim (claim three), and ordering petitioner's immediate release where he was previously released by immigration authorities into the United States in October 2023 on an order of recognizance expressly pursuant to § 1226, he complied with all conditions of his release, and he was permitted to live in the United States for over two years before he was re-detained.  In light of the Court's recommendation that petitioner's requested relief be granted on the procedural due process and statutory claims, petitioner's remaining substantive due process

claim (claim one) need not be resolved.

This Court expressly notes that it is not addressing the length of petitioner's detention and whether such detention is prolonged during removal proceedings or indefinite after a final order of removal where petitioner does not challenge the length of his detention as prolonged or indefinite in the petition.  See Zadvydas, 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.") (indefinite detention of noncitizen after final order of removal pursuant to 8 U.S.C. § 1231(a)(6)); Black v. Decker, 103 F.4th 133 (2d Cir. 2024) (prolonged detention of noncitizen violates due process) (detention of noncitizen pursuant to 8 U.S.C. § 1226(c)).  Petitioner has been detained for over seven months, since November 16, 2025.  Therefore, if petitioner remains detained, petitioner is not barred from filing a separate habeas petition challenging his detention as prolonged where such a claim was not raised in the petition or ripe at the time the petition was filed.

## V.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Respondents be ordered to IMMEDIATELY release petitioner Jaskaran Singh (A-245-308-053), and be ordered to provide petitioner with a copy of the release order at or near the time of release.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  **This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case** (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  Respondents be directed to file, within **seven days** of the adoption of these findings

6

and recommendations, a status report addressing petitioner's status.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing.0332.26.frs-merits