UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

JASKARAN SINGH (A-245-308-053),

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,

Respondents.

No. 1:26-cv-0332 WBS CSK

ORDER

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner also filed a motion for temporary restraining order the same day he filed his petition for habeas corpus. (Docket No. 2.) On February 3, 2026, the court denied the motion for temporary restraining order on the ground that petitioner was unlikely to prevail on the merits of that motion because his detention was authorized pursuant to 8 U.S.C. § 1225 and did not, at that time, violate the Due Process Clause. (See Docket No. 9.)

The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 2, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all

parties that any objections to the findings and recommendations were to be filed within seven days. Respondents filed objections to the findings and recommendations.

It has now been approximately five months since the court denied petitioner's motion for temporary restraining order, and the question before the court now is not whether petitioner is likely to prevail on his petition. Rather, the court must now address the merits of the petition itself. The record before the court presently is that petitioner's custodial status appears to remain unchanged since the ruling on the temporary restraining order. While this court has repeatedly explained that a noncitizen who unlawfully enters the United States can expect to be lawfully detained upon doing so, it has consistently held that such detention cannot be indefinite, so as to avoid running afoul of the Due Process Clause. See Uulu v. Warden, 820 F. Supp. 3d 1113, 1122 (E.D. Cal. 2026) (Shubb, J.) (collecting cases); see also, e.g., Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.").

Determining whether prolonged immigration detention violates the Due Process Clause requires consideration of whether the petitioner's immigration proceedings have been infected with undue delay by the agency. Uulu, 820 F. Supp. 3d at 1122. Because the record does not demonstrate that petitioner's immigration proceedings have advanced whatsoever during the nine months he has been detained, the court finds that such unexplained delay is constitutionally unacceptable. See id.; see also Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (actions that "offend traditional notions of fair play and substantial justice" violate the Due Process Clause (quotations omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 13) are adopted insofar as consistent with this Order.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents are ordered to release petitioner Jaskaran Singh (A-245-308-053) from

custody forthwith.[1]

4. The Clerk of Court is directed to enter judgment in favor of petitioner and close this case.

5. The Clerk is directed to serve California City Immigration Processing Center with a copy of this Order. [2]

Dated: July 14, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/sing0141.jo.2241.imm.RELEASE

---

[1] Because this is a habeas corpus proceeding, the court is not empowered to grant relief aside from petitioner's release. See Nguyen v. Warden, No. 1:25-cv-01872 WBS EFB, 2026 WL 1027892, at *2 (E.D. Cal. Apr. 16, 2026) (collecting cases).

[2] A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).